UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOOPER JACKSON PARSLEY,

    Petitioner,

v.

GREG SKIPPER,

    Respondent.

Case No. 19-11077
Honorable Laurie J. Michelson

## ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Hooper Jackson Parsley is presently confined at the Michigan Reformatory. He is there because of three convictions for criminal sexual conduct. Parsley believes his incarceration is in violation of the Constitution. So he petitions this Court for a writ of habeas corpus. (ECF No. 1.)

But the Eastern District is not the proper venue for Parsley's petition. Parsley challenges state criminal convictions out of Kent County. And he is presently incarcerated in Ionia County. Both Kent and Ionia Counties are in the Western District of Michigan. And according to the venue provision governing habeas corpus cases, the Western District is where Parsley should seek his release. *See* 28 U.S.C. § 2241(d) (establishing that venue is proper either in the district where convictions occurred or district where petitioner is presently incarcerated); *see also Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) (holding that § 2241(d) "is so clearly a special venue provision"); *see also Manes v. Bell*, No. 07-11716, 2007 U.S. Dist. LEXIS 30734, at *3 (E.D. Mich. Apr. 23, 2007).[1]

---

[1] The reference to "concurrent jurisdiction" in § 2241(d) has caused some confusion as to whether the determination of the proper district for seeking a writ of habeas corpus is a jurisdiction

Indeed, "the venue provision was enacted in recognition of 'the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.'" *In re Bryant*, No. 17-5816, 2017 U.S. App. LEXIS 26803, at *2 (6th Cir. Dec. 27, 2017) (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497 (1973)). And § 2241(d) says the Court, in "its discretion and in furtherance of justice may transfer" the petition to the Western District. 28 U.S.C. § 2241(d); *see also In re Bryant*, 2017 U.S. App. LEXIS 26803 at *2; *Manes*, 2007 U.S. Dist. LEXIS 30734 at *3. Accordingly, the Court ORDERS the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE

Date: April 22, 2019

---

or venue issue. Compare *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) with *Zenteno v. Gipson*, No. 14-01426, 2014 U.S. Dist. LEXIS 64747, at *3–7 (E.D. Cal. Mar. 19, 2014). The Court notes that the Sixth Circuit has referred to § 2241(d) as the "habeas corpus venue provision" and has explained that it "provides for concurrent jurisdiction in the district where a petitioner was convicted and in the district where the petitioner is confined." *In re Bryant*, No. 17-5816, 2017 U.S. App. LEXIS 26803, at *2 (6th Cir. Dec. 27, 2017). The court agrees that this is more properly viewed as a venue issue. And it does not doubt that it has subject matter jurisdiction over Parsley's petition which is brought pursuant to 28 U.S.C. § 2254. That federal statute grants federal courts the power to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 328 (6th Cir. 2014). But the Court is not the proper venue as Parsley is not presently confined in the Eastern District and was not convicted in this District.

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, April 22, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                    s/William Barkholz
                                    Case Manager